UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRICKLAYERS & ALLIED CRAFTWORKERS
LOCAL NO. 3, NEW YORK, AFL-CIO
(ROCHESTER CHAPTER), ET AL.,

                    Plaintiffs,

Case # 16-CV-6035-FPG

v.

DECISION AND ORDER

PRECISION CONCRETE AND
MASONRY, INC., ET AL.,

                    Defendants.

**INTRODUCTION**

Plaintiff trustees of various union pension, welfare, annuity, and training funds ("Plaintiffs") bring this Employee Retirement Income Security Act of 1974 ("ERISA") action against their employer, Precision Concrete and Masonry, Inc. ("Defendant"), and Precision's Principle Officer, Darren Thomas, with respect to delinquent contributions due to said funds under a collective bargaining agreement ("CBA"). Plaintiffs also assert a breach of contract claim, a claim under New York State Finance Law § 137, and a request for an injunction. *See* ECF No. 1. On February 25, 2016, the Clerk of Court entered default against Defendants after they failed to respond to Plaintiffs' Complaint. *See* ECF No. 5. After Plaintiffs failed to take further action, the Court ordered Plaintiffs on December 22, 2016 to show cause as to why their case should not be dismissed for failure to prosecute. ECF No. 7. Plaintiffs responded on January 5, 2017 by requesting the Clerk of Court to enter default judgment for a sum certain under Federal Rule of Civil Procedure 55(b)(1). ECF No. 8. For the reasons stated below, Plaintiffs' request is DENIED WITHOUT PREJUDICE.

1

# BACKGROUND[1]

According to the Complaint, Plaintiff Anthony DiPerna is the President of the union Bricklayers & Allied Craftworkers Local No. 3 New York, AFL-CIO (Rochester Chapter). The union maintained a Pension Fund, a Welfare Fund, an Annuity Fund, and a Joint Apprenticeship and Training Committee, all of which were multiemployer employee benefit plans under ERISA. On November 28, 2011, Defendants signed a CBA with the union that bound them to the terms and obligations of a multiemployer CBA with the union and signatory employer associations. The CBA required Defendants to submit monthly reports of union members' hours worked, known as remittance reports, to the funds and to make payments for fringe benefits to the Plaintiffs for each hour of covered work performed.

Starting in October 2015, Defendants served as a contractor on a public improvement project in Rochester, New York known as the "Robert Duffy School," where they employed union members under a project labor agreement. For the duration of the project, Defendants violated the CBA by failing to make fringe benefit contributions to the funds for each hour each union member employee worked for the Defendants, neglecting to submit remittance reports, refusing to pay late fees on the delinquent contributions, and failing to pay employees' union dues to the union. Defendants also breached the CBA by failing to make fringe benefit and other contributions to the funds for each hour each union member employee worked for the Defendants. Additionally, they failed to pay interest fees on late contributions to the funds, also in violation of the CBA. Because Defendants failed to provide remittance reports, Plaintiffs admit that they do not know how many

---

[1] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise noted and are deemed admitted due to Defendants' default. *See In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("[A] default constitutes an admission of all the facts 'well pleaded' in the complaint . . .").

hours its members worked for Defendants, and that Defendants owe an "unknown amount, to be determined through litigation." ECF No. 1 at 9.

## DISCUSSION

### I. Legal Standard

The Court may enter a default judgment against a party that fails to defend an action brought against it, and the failure has been "shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). When the Court determines that a defendant is in default, it should draw all reasonable inferences in favor of the non-defaulting party. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A defendant's default is therefore "an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004). It is not, however, an admission of damages. *Au Bon Pain*, 633 F.2d at 65. Damages must instead be "established by proof unless the amount [of damages] is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested."). These easily-calculated damages are referred to as damages for a "sum certain," and the clerk of court "must enter judgment for that amount and costs against a defendant who has been defaulted" so long as the plaintiff submits an "affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1).

A sum is not "certain" simply because the plaintiff requests a "specific amount." Wright et al., 10A Fed. Prac. & Proc. Civ. § 2683 (4th ed.); *see also KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 20 n.9 (1st Cir. 2003) ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts [plaintiff's] claim into a 'sum certain.'"). Instead, "a claim is not a sum certain unless there is no

3

doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS*, 318 F.3d at 1. Typical "sum certain" claims include "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. 2010).

If a claim is not for a sum certain, the plaintiff must apply to the court for entry of default judgement under Rule 55(b)(2). *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d. Cir. 2011). The reviewing court must then "ensure that there is a basis for the damages specified in a default judgment," and, if necessary, "make the determination through a hearing." *Fustok v. Conticommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir. 1989). In all cases, the burden is on the plaintiff to establish its entitlement to damages. *See Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 626 (W.D.N.Y. 2018).

**DISCUSSION**

Based on the current record, the damages Plaintiffs seek to recover are not for a sum certain and are thus ill-suited for resolution via Rule 55(b)(1). Plaintiffs' Affirmation in Support of Request for Default Judgment and Statement of Amount Due seeks $10,029.30 in total damages, which includes $4,577.23 in unpaid trust fund contributions, $377.62 from 11 months of accrued 9 percent statutory interest pursuant to the CBA and trust documents, 20 percent liquidated damages totaling $915.14 pursuant to the CBA and trust documents, and $4,159 in attorney's fees. ECF No. 8-1 at 2. Plaintiffs demonstrate to the Court how they arrived at the aggregate total of damages they seek, but they leave the Court almost entirely in the dark as to how they calculated any of the four component damages.

The request for $4,577.23 in unpaid trust fund contributions is the most problematic aspect of Plaintiffs' Affirmation. The Complaint explicitly conceded that because Defendants failed to provide remittance reports, Plaintiffs do "not presently know how many hours were worked by its members for Defendants" and needed[2] to "determine[] through litigation" Defendants' liability for late contributions. ECF No. 1 at 9. In other words, the amount of unpaid trust fund contributions was anything but a "sum certain." Now, presumably through estimation, Plaintiffs reached the precise figure of $4,577.23, but have not given the Court any documentation or other insight establishing how they calculated that amount.

Plaintiffs' requests for interest on delinquent trust fund contributions and liquidated damages are similarly problematic. While Plaintiffs affirm that interest rates and liquidated damages are specified in the CBA and trust documents, Plaintiffs have only shared the signatory page of the CBA with the Court, ECF No. 1 at 19, which does not substantiate any of Plaintiffs' late fees or liquidated damages calculations. They also did not provide the Court with any of the trust documents that they repeatedly reference. Additionally, the late fee and liquidated damages calculations are flawed because they rely on the unsubstantiated request for $4,577.23. *See Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity, & Health & Welfare Funds v. Meacham Elec. Contractors, Inc.*, No. 5:05-CV-754 (NAM/GHL), 2006 WL 3096486 at *2 (N.D.N.Y. Oct. 27, 2006) ("Even assuming that interest and liquidated damages may be ascertained through mathematical calculation, they depend on the amount of contributions and deductions defendants failed to remit, of which there is no evidence. . .").

---

[2] The Court notes that there is nothing improper about the Complaint's concession, as "ERISA plaintiffs are often unable to specify their damages in their initial pleadings, especially in cases in which they seek to compel an audit or recover continually accruing unpaid contributions." *Rochester Laborers' Welfare-S.U.B. Fund by Brown v. Structural Remediation Servs., Inc.*, No. 15-CV-6171 (CJS), 2017 WL 3392585, at *3 (W.D.N.Y. Aug. 8, 2017).

Other Second Circuit caselaw illustrates the deficiencies in Plaintiffs' current request for default. In *Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Electric, Inc.*, the U.S. District Court for the District of Connecticut entered default on an ERISA claim where, as in this case, plaintiff trustees of various funds sought to recover delinquent contributions due under a CBA and requested default for a sum certain. No. 3:11-CV-709 (CSH), ECF No. 25 at 18 (D. Conn. Feb. 19, 2015). Specifically, the plaintiffs sought $44,387.66 in unpaid contributions for June to December 2010. *Id.* at 7. The court granted the plaintiffs' request after determining that the plaintiffs had submitted sufficient documentation supporting their request for damages. The plaintiffs' documents included complete copies of a CBA covering the years 2007 to 2010, monthly remittance reports, and trust fund documents that outlined the funds' policies, including those pertaining to interest rates on delinquent contributions and liquidated damages. *Id.* at 8.

The court rejected the plaintiffs' request for $19,023.27 in unpaid contributions for January through March 2011, which, unlike the plaintiffs' claim for $44,387.66, was not supported by evidence. Although the court determined that the plaintiffs' request was based on a "reasonable estimate," it determined that "absent documentation regarding unpaid contributions for the three months in 2011," the requested $19,023.37 was "not actually a sum certain." *Id.* at 7.

After an exhaustive search of Second Circuit caselaw, this Court found only one other analogous case where the court awarded a "sum certain" to plaintiffs under Rule 55(b)(1). In that case, the U.S. District Court for the Eastern District of New York granted plaintiffs' Rule 55(b)(1) request after reviewing an audit. *See Gesualdi v. Giacomelli Tile Inc.*, No. 09-CV-711 (JS), 2010 WL 1049262, at *1 (E.D.N.Y. Mar. 18, 2010). In all other cases, the plaintiffs requested a default judgment under Rule 55(b)(2) and were successful only if they thoroughly corroborated their

entitlement to damages with evidence. *See, e.g.*, *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121-131 (E.D.N.Y. 2013).

Unlike the abovementioned plaintiffs in *Norland*, *Gesualdi*, and *Finkel*, based on the current record, Plaintiffs have not provided any evidence to ensure the Court that there is a "basis for the damages specified" in their request for a default judgment. *Fustok*, 873. F.2d at 40. Like the *Norland* plaintiffs' failed claim for $19,023.27, Plaintiffs' claim for $44,387.66 is perhaps a reasonable estimate of unpaid contributions. As the *Norland* court determined, however, a reasonable estimate is a far cry from a sum certain. Even if Plaintiffs had instead requested a default judgment under Rule 55(b)(2), without a hearing, the Court would have to deny their request for failure to establish a sufficient basis for damages. *See id.*

Additionally, Plaintiffs' request for attorney's fees is inadequate. Plaintiffs ask for $4,159 in attorney's fees and costs but fail to support their claim with "contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed." *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160-61 (2d Cir.1994).

Finally, there are some differences between the initial Complaint in this case and the current Request for Entry of Default Judgment that merit clarification. The Complaint asks the Court to "enjoin Defendants from further violations of law and contract" and asserts a breach of contract claim based on defendants' "failure to pay dues" in violation of the CBA. ECF No. 1 at 11, 12. Plaintiffs did not mention the injunction in their Request for Default Judgment, likely because they are aware that "an injunction is not a 'sum certain,'" so it is not the proper subject of a Rule 55(b)(1) request. *See Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329 (W.D. Mi. 2000). In addition, ERISA preempts the Plaintiffs' common law breach of contract claim. *See*

*Plumbing Indus. Bd., Plumbing Local Union No. 1 v. L & L Masons, Inc.*, 927 F. Supp. 645, 649 (S.D.N.Y. 1996) ("In general, a party may not enforce an obligation that arises under ERISA through imposition of a common law contract claim, for such a common law claim 'relates to' an employee benefit plan."). Accordingly, Plaintiffs' breach of contract claim is not a "legitimate cause of action." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("Even after the default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Plaintiffs' Request for Default does not mention the breach of contract claim, so perhaps they have abandoned that claim, but in any event, it is invalid.

## CONCLUSION

For the reasons stated, Plaintiffs' Request for Default Judgment under Rule 55 (ECF No. 8) is DENIED WITHOUT PREJUDICE. Plaintiffs have until September 28, 2018 to file a new Rule 55 request with proper documentation.

IT IS SO ORDERED.

Dated: August 28, 2018
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court