UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRICKLAYERS & ALLIED CRAFTWORKERS
LOCAL NO. 3, NEW YORK, AFL-CIO
(ROCHESTER CHAPTER), et al.,

        Plaintiffs,

v.

Case # 16-CV-6035-FPG

DECISION AND ORDER

PRECISION CONCRETE AND
MASONRY, INC., et al.,

        Defendants.

  On August 28, 2018, the Court issued a Decision and Order, ECF No. 10, denying Plaintiffs' Motion for Default Judgment, ECF No. 8, without prejudice. In it, the Court noted that "Plaintiffs have until September 28, 2018 to file a new Rule 55 request with proper documentation." ECF No. 10 at 8. They did not do so.

  As a result, the Court issued an order to show cause on October 16, 2018, ECF No. 11, directing Plaintiffs to show cause in writing by November 16, 2018, why their case should not be dismissed since the case has been pending for six months and Plaintiffs were not in compliance with a Court order. *See* Loc. R. Civ. P. 41(b) ("If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge . . ., the Court may . . order [] the parties to show cause within thirty (30) days why the case should not be dismissed . . . ."). In the Order, the Court explicitly warned Plaintiffs that "[f]ailure to comply with this Order will result in the dismissal of this action with prejudice," in accordance with Local Rule 41(b). ECF No. 11; Loc. R. Civ. P. 41(b) ("If the parties fail to respond, the Judge may issue an order dismissing the case . . . ."). Plaintiffs have not responded to the Court's order to show cause.

While dismissing a case for failure to comply with a court order is a "harsh remedy," district judges have the discretion to do so. *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (summary order). To guide their exercise of that discretion, the Second Circuit has provided five factors for trial judges to consider: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions. *Id.* at 17-18 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, considering these factors, dismissal is appropriate. First, Plaintiffs' inaction for the duration of this case has caused significant delay. Plaintiffs originally filed their complaint on January 22, 2016. ECF No. 1. Since then, Plaintiffs have only acted twice: they moved for a clerk's entry of default against one of the Defendants on February 24, 2016, and for default judgment on January 5, 2017. ECF Nos. 5, 8-9. Indeed, the Court twice ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute: once on December 22, 2016, after a delay of nearly ten months, and again on October 16, 2018, after six weeks of inactivity and their failure to respond by a deadline. ECF Nos. 7, 11. While there is no bright-line rule as to what amount of delay is "significant," *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013), the length of Plaintiffs' delay—nearly twelve months—and the repeated neglect satisfies the first factor.

While the second factor—notice—was satisfied in the Court's second order to show cause, the third factor is not satisfied. Defendants have yet to appear in this case and thus suffer no prejudice from Plaintiffs' delay and inactivity.

As for the fourth factor, Plaintiffs have relinquished their right to be heard based on their refusal to effectively prosecute this case and to respond to Court orders. *See Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.").

Finally, no lesser sanction exists that will compel Plaintiffs to respond to the Court's order to show cause. Plaintiffs' counsel has received electronic notification of Court filings: Plaintiffs have docketed two motions and responded to the Court's first order to show cause. The Court is left to conclude that Plaintiffs no longer want to prosecute this case.

Consequently, for the foregoing reasons, Plaintiffs' complaint, ECF No. 1, is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 27, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court